# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAYNARD J. GETZ, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 3:12-CV-82 |
| v. | ) JUDGE KIM R. GIBSON |
| | ) |
| STATE FARM INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on the Motion to Strike (Doc. No. 5) filed by Defendant State Farm Insurance Company. For the reasons that follow, the Court will **GRANT** Defendant's motion.

### II. JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). Venue is proper under 28 U.S.C. § 1391(a).

### III. BACKGROUND

This cases stems from an accident that occurred on October 21, 2009 in which an automobile struck Vicki Feathers' ("Feathers") vehicle while operated by Plaintiff in Somerset County, Pennsylvania. (Doc. No. 1-2 at ¶ 7-10). This accident severely injured Plaintiff. (Doc. No. 1-2 at ¶ 13). Through settlement negotiations, Plaintiff received $70,000 from the driver's insurer[1] (Doc. No. 1-2 at ¶ 30) and sought to recover $100,000—the limit of the available underinsured motorist (UIM) coverage under Feathers' insurance policy—from Feathers' insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). (Doc. No. 1-2 at ¶

---

[1] The Defendant agreed to this settlement below the driver's policy limit of $100,000. " (Doc. No. 1-2 at ¶ 31).

1

23, 32). Plaintiff and State Farm were unable to resolve the claim for UIM benefits, and Plaintiff subsequently filed suit in the Court of Common Pleas of Cambria County alleging that State Farm breached its insurance contract and that State Farm's actions constituted bad faith in violation of 42 PA. CONS. STAT. § 8371. (Doc. No. 1-2 at ¶ 33-46).

On April 19, 2012, State Farm filed a timely notice of removal (Doc. No. 1) with this Court. On April 26, 2012, State Farm filed the instant motion (Doc. No. 5) and supporting brief (Doc. No. 6) requesting that the Court strike Plaintiff's demands for attorney's fees under Count I (breach of contract) and compensatory damages under Count II (bad faith). Plaintiff did not file a timely response to the instant motion and it is now ripe for determination.

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Under Rule 12(f), the standard for striking portions of a complaint "'is strict and . . . only allegations that are so unrelated to the plaintiff['s] claims as to be unworthy of any consideration should be stricken.'" *Johnson v. Anhorn,* 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004) (quoting *Becker v. Chicago Title Ins. Co.,* Civ. A. No. 03-2292, 2004 U.S. Dist. LEXIS 1988, at *18 (E.D. Pa. Feb. 4, 2004)). Moreover, striking portions of a plaintiff's pleading is a "drastic remedy," which should be used only when justice requires it. *Johnson,* 334 F. Supp. 2d at 809 (quoting *United States v. Am. Elec. Power Serv. Corp.,* 218 F. Supp. 2d 931 (S.D. Ohio 2002)) (quotations omitted); see also *DeLa Cruz v. Piccari Press,* 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (providing that while "motions to strike may save time and resources by making it unnecessary to litigate claims that will not affect the outcome of the case, motions to strike generally are disfavored"). Importantly, motions to strike are decided on the pleadings alone.

*DeLa Cruz*, 521 F. Supp. 2d at 429 (citing *North Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 159 (E.D. Pa. 1994)).

## V. DISCUSSION

Defendant contends that the Court should strike Plaintiff's demand for attorney's fees from the breach of contract claim (Count I) and demand for compensatory damages from the bad faith claim (Count II). The Court will address these issues in turn.

### 1. Attorney's Fees

Defendant first contends that the Court should strike Plaintiff's demand for attorney's fees from Count I (breach of contract) of the Complaint because they are not recoverable under Pennsylvania contract law. (See Doc. No. 6 at 2-3). Importantly, Pennsylvania courts have long followed the American rule. Under Pennsylvania law, "there can be no recovery of attorneys' fees from an adverse party, absent an express statutory authorization, a clear agreement by the parties or some other established exception." See, e.g., *Merlino v. Delaware Cnty.*, 556 Pa. 422, 425 (1999).

In her Complaint, Plaintiff demands attorney's fees under Count I (breach of contract) and Count II (bad faith). (See Doc. No. 1-2 at 9-12). The Court recently addressed this precise issue in *Craker v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 11-0225, 2011 U.S. Dist. LEXIS 47342 (W.D. Pa. May 2, 2011) (Lancaster, C.J.). In *Craker*, the Court concluded that it was proper to strike the demand for attorney's fees from the breach of contract counts in the complaint, but permit the plaintiffs to pursue attorney's fees in their bad faith count. See *id.* at *14. The same result is appropriate here. Accordingly, the Court will strike Plaintiff's demand for attorney's fees from Count I of the Complaint, but Plaintiff is permitted to pursue attorney's fees under Count II. (See Doc. No. 1-2 at 10).

3

## 2. Compensatory Damages

Defendant also requests the Court to strike Plaintiff's demand for compensatory damages from Count II (bad faith) because they are not recoverable under the Pennsylvania bad faith statute, 42 PA. CONS. STAT. § 8371. (See Doc. No. 6 at 3).[2] The Supreme Court of Pennsylvania has made it abundantly clear that plaintiffs "may not recover compensatory damages based on Section 8371[.]" Ash v. Cont'l Ins. Co., 932 A.2d 877, 884 (Pa. 2007) (quoting The Birth Ctr. v. The St. Paul Cos., 787 A.2d 376, 386 (Pa. 2001)). While Section 8371 does not prohibit the award of compensatory damages for common law contract claims, such damages are not recoverable in a claim predicated on Section 8371. See id. Because Count II of the instant Complaint is based on a violation of Section 8371,[3] the Court will strike Plaintiff's demand for compensatory damages from that count.

---

[2] Paragraph 45 of Count II alleges that State Farm "has violated 42 Pa. C.S.A. § 8371 for which [State Farm] is liable for compensatory and punitive damages, together with interest, attorney's fees and such other relief as the court deems appropriate." (Doc. No. 1-2 at ¶ 46). Additionally, the *ad damnum* or "WHEREFORE" clause of Count II requests that the Court enter judgment against State Farm "in the amount of the limits of the underinsured motorist polity [sic] with State Farm, as well as interest, costs of suit, attorney's fees and such other relief as this Honorable Court deems just and proper." (*Id.* at 12).

[3] Count II of the Complaint arguably implies a combination of a breach of the implied covenant of good faith and a violation of 42 Pa. C.S.A. § 8371. (Doc. No. 1-2 at ¶ 43, 45) ("Defendant owes plaintiff a fiduciary, contractual and statutory [good faith] obligation. . . . [D]efendant has violated the policy of insurance . . . and has failed to act toward the plaintiff in good faith and has violated 42 Pa. C.S.A. § 8371."). However, it is well settled under Pennsylvania law that a breach of the covenant of good faith cannot stand as an independent cause of action separate from a breach of contract cause of action. See, e.g., *Morris v. Wells Fargo Bank N.A.*, No. 2:11-cv-474, 2012 WL 3929805 at *8 (W.D. Pa. Sept. 7, 2012) (refusing to acknowledge an independent cause of action for breach of an implied covenant of good faith); *Cummings v. Allstate Ins. Co.*, 832 F. Supp. 2d 469, 472-73 (E.D. Pa. 2011) (holding that "there is no implied covenant of good faith and fair dealing claim separate from a breach of contract claim"). See also *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 92 (3d Cir. 2000) (reviewing the implied covenant of good faith under Pennsylvania law and refusing to acknowledge an independent cause of action for a breach of the implied covenant when adequate remedies exist under existing contract or tort law). Therefore, to the extent that Count II may rely on an implied covenant of good faith to justify compensatory damages, this Court will treat any potential claim of a violation of good faith premised under a contractual obligation as being subsumed into Count I (breach of contract).

4

### 3. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave, which "[t]he court should freely give . . . when justice so requires." FED. R. CIV. P. 15(a)(2). However, this Court may deny leave for numerous reasons, including futility of amendment. *Amerex Envtl. Techs., Inc. v. Foster*, Civ. A. No. 11-349, 2012 U.S. Dist. LEXIS 21236, at *8 (W.D. Pa. Feb. 21, 2012) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is appropriately denied as futile if it is "frivolous or advances a claim or defense that is legally insufficient on its face." *Carter v. Estate of Lewis*, Civ. A. No. 08-1301 (JAP), 2009 U.S. Dist. LEXIS 120359, at *4-5 (D.N.J. Dec. 28, 2009) (quoting *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)).

Instantly, the Court has stricken Plaintiff's claims for two types of damages to which he is not entitled under the governing substantive law: attorney's fees for a breach of contract claim and compensatory damages for a bad faith claim. It would be futile to grant Plaintiff's leave to amend his Complaint to once again include claims for damages that are not recoverable under the governing substantive law since such claims are insufficient on their face. See *Carter*, 2009 U.S. Dist. LEXIS 120359 at *4-5. Accordingly, the Court will not grant leave to amend.

## VI. CONCLUSION

For the above reasons, the Court will strike Plaintiff's demand for attorney's fees from his breach of contract claim (Count I) and the demand for compensatory damages from his bad faith claim (Count II) without leave to amend. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAYNARD J. GETZ )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE FARM INSURANCE COMPANY, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 3:12-CV-82-KRG<br>JUDGE KIM R. GIBSON |

## ORDER

**AND NOW**, this 24th day of October 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Defendant's Motion to Strike (Doc. No. 5) is **GRANTED**. To wit, the Court strikes Plaintiff's demand for attorney's fees from his breach of contract claim and the demand for compensatory damages from his bad faith claim, without leave to amend.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**